IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

United States of America,

    Plaintiff,

    v.                                                Case #2:14CR21

Allen J. Pendergrass,                    Judge Edmund Sargus

    Defendant.

## DEFENDANT ALLEN J. PENDERGRASS' MOTION REQUESTING DISCOVERY

Defendant, Allen J. Pendergrass, by and through counsel, hereby moves the Court for an Order requiring the government to produce all discoverable information as required by Fed. R. Crim. P. 12 and 16 and Fed. R. Evid. 404(b) and 1006.  The defendant requests that the government provide all requested information and materials immediately in order to facilitate timely trial preparation.

A Memorandum in Support of this Motion is attached.

                                                              Respectfully submitted,

                                                              s/Terry K. Sherman, #0002417
                                                              Attorney for Defendant
                                                              52 West Whittier Street
                                                              Columbus, OH 43206-2503
                                                              Phone:  614/444-8800
                                                              E-mail:  tkshermanlaw@gmail.com

## MEMORANDUM IN SUPPORT

The defendant requests that the government provide or make available for inspection and copying, all materials in the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government, as required by Fed. R. Crim. P. 12 and 16, and Fed. R. Evid. 404(b) and 1006. The government's discovery duty includes the duty to search all files of each law enforcement agency or government official involved in investigating or prosecuting this case, including, but not limited to, the Internal Revenue Service, the Ohio Ethics Commission, the Federal Bureau of Investigation, the County Sheriff's Department, the County Prosecutor's Office, and the United States Attorney's Office for the Southern District of Ohio.  See *Kyles v. Whitley*, 514 U.S.

419, 437-38 (1995); <u>Harris</u> <u>v.</u> <u>Lafler</u>, 553 F.3d 1028, 1033 (6th Cir., 2009); <u>United</u> <u>States v.</u> <u>Mathis</u>, #CR-1-97-15, 1997 WL 683648, at *3 (S.D. Ohio, 1997).

The defendant further demands that no evidence or materials of any kind related to the investigation of this case be destroyed or discarded, regardless of whether the government maintains that such evidence or materials are not discoverable, so that the defendant's rights may be preserved and the evidence may be independently examined, if necessary. This preservation request covers all evidence and materials, including rough notes. See <u>United</u> <u>States v. Floyd</u>, 247 F.Supp.2d 889, 900 (S.D. Ohio, 2002); <u>United</u> <u>States</u> <u>v.</u> <u>Happ</u>, #CR2-06-129(8), 2008 WL 5101214, at *7 (S.D. Ohio, 2008).

If all documents in a category have been produced, or no responsive documents exist for a category, then the defendant asks that the government make an affirmative declaration to that effect.

The materials specifically requested by the defendant are as follows:

1. DEFENDANT'S STATEMENTS:

The government must provide any and all written or recorded statements attributed to the defendant, including any written records containing the substance of an oral statement made by the defendant in response to interrogation by a person he/she knew was a government agent. Fed. R. Crim. P. 16(a)(1)(B). Furthermore, the government must produce the substance of any oral statements made by the defendant in response to interrogation by a person he/she knew to be a government agent, or any summaries thereof, if the government intents to offer the statement at trial (even if only in rebuttal). Fed. R. Crim. P. 16(a)(1)(A). The government must also disclose all evidence obtained by electronic surveillance, including, but not limited to, any statements made by, or attributed to, the defendant. See <u>United</u> <u>States</u> <u>v. Kelsor</u>, #2:08CR81-5, 2009 WL 1850177, at *4 (S.D. Ohio, 2009).

2. DEFENDANT'S CRIMINAL RECORD:

The government must provide a copy of the defendant's entire criminal record, including all arrests and offenses regardless of severity, and any matters that may affect the defendant's

-2-

criminal history score under Chapter 4 of the United States Sentencing Guidelines. Fed. R. Crim. P. 16(a)(1)(D).

3.   DOCUMENTS AND TANGIBLE OBJECTS:

The government must provide all documents or tangible objects, including all items material to preparing the defense, items the government intends to use in its case-in-chief at trial (separately identified), and items obtained from or belonging to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Information is material to preparing the defense, and therefore subject to disclosure, if the information is relevant to an argument that the defendant would make to refute the government's case-in-chief. *United States v. Happ*, #CR2-06-129(8), 2008 WL 5101214, at *3 (S.D. Ohio, 2008) (citing *United States v. Armstrong*, 517 U.S. 456, 462 (1996)). This materiality standard is not a heavy burden, and evidence is material so long as it "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Happ*, 2008 WL 5101214, at *3 (citing *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir., 1993)). Accordingly, the defendant requests that the government include in its production any documents related to any investigation performed by the Ohio Ethics Commission, the County Sheriff's Department, and/or the County Prosecutor's Office, and any decision not to proceed against him by those agencies. See *Happ*, 2008 WL 5101214, at *3. All of these documents are material to the preparation of the defendant's defense, and therefore must be produced pursuant to Fed. R. Crim. P. 16(a)(1)(E).

4.   REPORTS OF SCIENTIFIC TESTS AND OTHER EXAMINATIONS:

The government must provide all results or reports of any scientific test or examination from any law enforcement agency involved in the investigation or prosecution of this case. Fed. R. Crim. P. 16(a)(1)(F). In the event any results of a scientific test or other examination were verbally reported to the government, the defendant requests that the government cause a written report of the results to be made and produced.

5.   SUMMARIES OF EXPERT WITNESS TESTIMONY:

The government must provide a summary of any expert witness testimony the

government intends to offer under Federal Rules of Evidence 702, 703 or 705, the grounds or basis for any such expert testimony, and the qualifications of the expert witness. Fed. R. Crim. P. 16(a)(1)(G).

6. <u>TRIAL EVIDENCE</u>:

The government must provide notice of all evidence discoverable under Fed. R. Crim. P. 16 that the government intends to use at trial, so that the defendant has the opportunity to move to suppress any such evidence under Fed. R. Crim. P. 12(b)(3)(C). Fed. R. Crim. P. 12(b)(4)(B).

7. <u>"OTHER CRIMES, WRONGS, OR ACTS" EVIDENCE</u>:

The government must provide notice of any "other crimes, wrongs, or acts" evidence the government intends to introduce at trial, including the specific purpose that supports the admission of each such evidence. Fed. R. Evid. 404(b); see also <u>United States v. Merriweather</u>, 78 F.3d 1070, 1076 (6th Cir., 1996).

8. <u>SUMMARY EVIDENCE</u>:

In the event the government intends to present evidence at trial in the form of a chart, summary or calculation, the government must provide such chart, summary or calculation, including any documents, audio, or recording upon which such summary evidence or testimony is based. Fed. R. Evid. 1006.

9. <u>CONCLUSION</u>:

For the foregoing reasons, the defendant respectfully requests that the Court order the government to produce any and all documents, materials and other items as set forth herein, and for any further relief the Court may deem proper and appropriate.

                                            s/Terry K. Sherman, #0002417
                                            Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of March, 2014, I electronically filed the following with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing

to the following:  David Bosley, Assistant U. S. Attorney; and hereby certify that I have mailed

by United States Postal Service the document to the following non-CM/ECF participants:  n/a.

                                                s/Terry K. Sherman, #0002417
Attorney for Defendant
E-mail:  tkshermanlaw@gmail.com