IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

United States of America,

    Plaintiff,

    vs.                                        Case #2:14CR21

Allen J. Pendergrass,                Judge George Smith

    Defendant.

## OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM

Now comes the defendant, Allen J. Pendergrass, through his attorney, Terry K. Sherman, and submits objections to the Pre-Sentence Investigation Report (PSI), and a Sentencing Memorandum in support of his position for sentencing. The PSI Report provided by the U.S. Probation Officer states that the correct offense level for Mr. Pendergrass is twenty-four (24), with a criminal history category of one (1), providing a sentencing range of 51 to 63 months. This determination is based in part on the loss amount being Eight Hundred Six Thousand Three Hundred Fifty-Eight Dollars and Fifty-One Cents ($806,358.51). The Rule 11 Plea Agreement entered into by the United States and Mr. Pendergrass stipulates the intended loss, as well as the loss to The Huntington National Bank, is in the amount of Two Hundred Ninety Thousand Six Hundred Sixty-Eight Dollars and Ninety-One Cents ($290,668.91). On March 13, 2015, Mr. Pendergrass, through counsel, filed with the United States Probation Department a series of objections and suggested that the guideline based level offense, after acceptance of responsibility, would be sixteen (16), with a criminal history category of one (1), resulting in a sentencing range of twenty-one (21) to twenty-seven (7) months of incarceration.

The defendant, by and through his counsel, hereby restates his objections to the guideline calculations as set forth in the letter to the U.S. Probation Department on March 13, 2015, as if fully rewritten herein. Secondly, the defendant would implore the Court to evaluate all 18 U.S.C. §3553 factors in determining an adequate sentence.

A.    OBJECTION WITH RESPECT TO INTENDED LOSS:

During the negotiation phase, the defendant disputed that both the loss and intended

-1-

loss was for fifty-one (51) U.S. Treasury checks, totaling $806,358.51.  In support of defendant's position, it is noted that The Huntington Bank had received twenty-seven (27) reclamation claims relating to the defendant's company, totaling Two Hundred Ninety-Five Thousand One Hundred Eighty-Five Dollars and Sixty-Six Cents ($295,185.66).  Reclamation claims for federal checks are initiated by an individual who has not received his/her federal check.  Individuals submit a complete reclamation form through the IRS.  In turn, the government forwards the reclamation form and a copy of the canceled check to the bank, which deposited the federal check.  Then the bank returns funds pursuant to the valid reclamation request to the individual.  Inasmuch as only twenty-seven (27) reclamation claims were made out of eighty-one (81) checks, the defendant took the position that no proof is presented that those who did not file reclamation claims did not receive their IRS refund money.  That is when the U.S. Attorney and defendant agreed that the guideline calculations under U.S.S.G. §2B1.1(b)(1)(g) would be more than $200,000.00 but less than $400,000.00, which would raise the guideline level by twelve (12) and not fourteen (14).  Accordingly, the defendant requests that the Court honor the agreement between the United States government and the defendant, as reflected in the Plea Agreement.

B.    OBJECTION TO THE FOUR LEVEL INCREASE IN PARAGRAPH 30 OF THE PSI REPORT:

The defendant objects to the four (4) level increase in the base offense level report as set forth in Paragraph 30 of the PSI Report as being incorrect.  Specifically, it is asserted the only entity that lost money was The Huntington National Bank.  The other purported victims actually consist of account holders who lost nothing, inasmuch as the bank and/or the U.S. government reimbursed them for their losses.  *U.S. v. Yager*, 404 F.3d 967 (6th Cir., 2005) is cited to support this assertion.  It should be noted that no Sixth Circuit case law has been presented indicating that *Yager* is no longer the law of the district, or that its reasoning is no longer applicable.

C.    OBJECTION TO THE TWO LEVEL INCREASE IN PARAGRAPH 32 OF THE PSI REPORT:

With respect to Paragraph 32 of the PSI Report, which accesses a two (2) level increase purportedly in accordance with U.S.S.G. §2B1.1(b)(11)(C)(ii), the undersigned stands on his

objection as written in his letter to the U.S. Probation Officer on March 13, 2015.

D.     18 U.S.S.C. §3 FACTORS:

Defendant Allen James Pendergrass is fifty-eight (58) years old, widowed with two adult children.  As this Court is aware, he has no serious criminal convictions.  He owned and operated a successful business, Guishard, Wilburn and Shorts, LLC, in Columbus, Ohio.  Mr. Pendergrass was enjoying a good life, a successful business, was happily married with children.  Unfortunately, a fire occurred and his business was completely destroyed.  He received an insurance settlement on his business following the fire, and tried to start over in Tucson, Arizona, but it did not go well.  He and his wife moved to Atlanta, Georgia after she developed cancer.  This was an horrific time for Mr. Pendergrass and he was unable to attend to his business.  He stayed by his wife's side and was her sole caretaker.  He could not manage the care of his beloved and his business at the same time.  In the end, he lost both his business and his wife.  His debts continued to climb and he was mentally and financially devastated.  He lost everything.  Needless to say, his judgment, at a minimum, was immobilized and his situation was desperate.

The death of his wife and loss of his business, which devastated him, is not being offered as an excuse for his criminal conduct, for there are no excuses, however, it is offered to give the Court insight to understand that Mr. Pendergrass has the potential to be law-abiding and to be rehabilitated.

    Respectfully submitted,

    s/Terry K. Sherman, #0002417
    Attorney for Defendant
    52 West Whittier Street
    Columbus, OH 43206-2503
    Phone:  614/444-8800
    E-mail:  tkshermanlaw@gmail.com

<u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

I hereby certify that on the 9th day of June, 2015, I electronically filed the following with the Clerk of the Court, using the CM/ECF System, which will send notification of such filing to the following:  David Bosley, Assistant U. S. Attorney; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  n/a.

    s/Terry K. Sherman, #0002417
    Attorney for Defendant
    E-mail:  tkshermanlaw@gmail.com